UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROBERT SENATORE, :
           Plaintiff, :
: **OPINION AND ORDER**
v. :
: 16 CV 8125 (VB)
OCWEN LOAN SERVICING, LLC, :
           Defendant. :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Robert Senatore, proceeding pro se, brings this action against defendant Ocwen Loan Servicing, LLC ("Ocwen"), regarding Ocwen's servicing of Senatore's home loan mortgage. Senatore claims Ocwen violated the New York Unfair Competition Law, the Racketeering Influenced and Corrupt Organizations Act, and the Fair Debt Collection Practices Act, and asserts claims of unjust enrichment, fraud, and breach of contract.

Before the Court is Ocwen's motion to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6). (Doc. #7).

For the reasons set forth below, the motion to dismiss is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

The following factual background is drawn from the amended complaint, attached exhibits, and material subject to judicial notice.[1]

---

[1] In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). When a court considers a motion to dismiss under Rule 12(b)(6) based on res judicata, as the Court does here, it may also consider materials subject to judicial notice, including documents from a prior action. See, e.g., TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 498 (2d Cir. 2014); Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992).

1

According to Senatore, "[t]his case concerns fraudulent practices committed by Ocwen in connection with its home mortgage loan servicing of [his] mortgage," in that "Ocwen devised a scheme to deceive [him] into paying or believing he had to pay, hundreds or thousands of dollars in unlawfully marked-up fees." (Comp. ¶ 1). Senatore alleges that, "to force [him] to get behind on his payments, and put him into 'default,' Ocwen imposed fees and charges that were neither due nor owing, and then obtained a number of default-related services which purportedly are designed to protect the lender's interest in the property." (Compl. ¶ 3). Senatore alleges that, as a part of this scheme, Ocwen charged him secretly marked-up fees for services provided by "its affiliated companies" to profit from these services and to put him into default. (Id.). Senatore further alleges Ocwen has a policy of misapplying borrowers' payments—for example, by applying monthly payments to fees before due principal and interest—to generate additional fees and force borrowers to enter and remain in default.

On July 5, 2013, Onewest Bank, F.S.B., filed a foreclosure action against Robert and Staci Senatore in the Supreme Court of the State of New York, County of Orange, and Robert Senatore answered and asserted counterclaims. On July 29, 2015, that court substituted Ocwen for Onewest Bank as the plaintiff and granted summary judgment in its favor against defendants Robert and Staci Senatore. That court also struck Senatore's answer, including all affirmative defenses and counterclaims. However, it appears no judgment has been entered in that case.

Here, Senatore seeks an order enjoining Ocwen from engaging in such allegedly unlawful practices going forward; an order voiding his mortgage and related note; an order setting aside all judgments related to the mortgage, including an order "setting aside and vacating" all actions taken in <u>Ocwen Loan Servicing, LLC v. Senatore</u>, No. 004985/2013 (Sup. Ct. N.Y. Orange Cty.) (Am. Compl. ¶ 131); $1,500,000 in damages regarding various communications; compensatory

2

damages for emotional distress and trauma; treble damages or $9,000,000 for violating the New York Unfair Competition Law; costs; and attorney's fees.

## DISCUSSION

I.  Legal Standards

  A.  Rule 12(b)(1)

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). "A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); accord, Makarova v. United States, 201 F.3d at 113 ("In resolving a

3

motion to dismiss for lack of subject matter jurisdiction . . . a district court . . . may refer to evidence outside the pleadings.").

B.  Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir.

2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.   Subject Matter Jurisdiction

Ocwen argues the Rooker–Feldman doctrine deprives the Court of subject matter jurisdiction.[2]

The Court disagrees.

The Rooker–Feldman doctrine bars federal courts from adjudicating claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Four requirements must be met for the doctrine to apply: (i) the federal court plaintiff must have lost in state court, (ii) the plaintiff must complain of injuries caused by a state court judgment, (iii) the plaintiff must invite district court review and rejection of that judgment, and (iv) the state court judgment must have been rendered before the district court proceedings commenced. Id.

Ocwen argues that the order granting summary judgment to it in the Supreme Court of the State of New York, County of Orange, triggers the Rooker–Feldman doctrine. But this is an order, not a judgment, as the Rooker–Feldman doctrine requires. "[F]or Rooker–Feldman to apply, the state court proceedings must have 'ended,' producing 'state-court losers,' before the federal action begins. Since the state proceeding must have ended, the doctrine cannot bar a federal action attacking an interlocutory state court order." V.S. ex rel. T.S. v. Muhammad, 581

---

[2]   The Rooker–Feldman doctrine arises out of two cases: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

5

F. Supp. 2d 365, 381 (E.D.N.Y. 2008) (citations omitted), rev'd on other grounds and remanded sub nom. V.S. v. Muhammad, 595 F.3d 426 (2d Cir. 2010).

Thus, because it appears there has yet to be a judgment entered in the state court action, the Rooker–Feldman doctrine does not deprive the Court of jurisdiction.

III. Failure to State a Claim

Ocwen next argues res judicata bars plaintiff's claims.

The Court agrees.

"The doctrine of res judicata, or claim preclusion, holds that 'a final [adjudication] on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 284–85 (2d Cir. 2000) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

Under New York law, which applies here, Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 93 (2d Cir. 2005), "[o]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997) (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981)). Claims are deemed to have been brought to a final conclusion even when the claims asserted were "defenses that could have been litigated [in the prior action], including defenses to a foreclosure." Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) (collecting cases).[3]

---

[3] Importantly, unlike the Rooker–Feldman doctrine, under New York law, res judicata can apply to a non-final order, where the order in question determines the relevant issues and claims. See Zdanok v. Glidden Co., Durkee Famous Foods Div., 327 F.2d 944, 955 (2d Cir. 1964) (concluding there "no reason why in an appropriate case a ruling that is final on the issue of liability should not preclude the party against whom the decision ran from presenting further evidence on the issue there finally determined"); Lummus Co. v. Commonwealth Oil Ref. Co., 297 F.2d 80, 89 (2d Cir. 1961) (Under New York law, "'Finality' in the context [of res judicata]

6

In this case, Senatore is clearly seeking to re-litigate the same transaction and series of events at issue in the prior state court litigation; namely, his failure to make mortgage payments because of Ocwen's allegedly fraudulent schemes, and Ocwen's subsequent foreclosure.

Senatore argues <u>res judicata</u> does not apply for three reasons: (i) Ocwen lacks privity,[4] (ii) Ocwen is causing ongoing harm, and (iii) the harm complained of here is separate and distinct from the foreclosure action.

None of these arguments is availing.

First, Senatore argues that privity, for <u>res judicata</u> purposes, requires Ocwen to be "in privity with all the predecessor lenders in interest." (Pl. Opp'n at 13). However, for <u>res judicata</u> to apply, all parties here need not be in privity with all parties implicated in the prior action; it requires only that the parties here to have had their interests "adequately represented" in the prior litigation. <u>See</u>, <u>e.g.</u>, <u>Monahan v. N.Y.C. Dep't of Corr.</u>, 214 F.3d at 285. Although privity requires difficult analyses in some cases, this is not such a case. Here, both parties in this action were themselves involved in the underlying litigation – Ocwen was the plaintiff and Senatore was a defendant, and therefore the privity requirement is satisfied.

Second, Senatore argues Ocwen is allegedly causing ongoing harm and thus <u>res judicata</u> is inapplicable. However, "the facts essential to the . . . second suit need not be the same as the facts that were necessary to the first suit [for <u>res judicata</u> to apply]. It is instead enough that the facts <u>essential to the second</u> were already present in the first.'" <u>Waldman v. Village of Kiryas</u>

---

may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.").

[4]     Senatore actually argues the <u>Rooker–Feldman</u> doctrine is inapplicable for lack of privity. However, Senatore repeatedly confuses and/or conflates the <u>Rooker–Feldman</u> doctrine and <u>res judicata</u>. Given Senatore's <u>pro se</u> status and because privity is a relevant concept for <u>res judicata</u>, the Court liberally construes plaintiff's privity argument as a challenge to <u>res judicata</u>'s applicability.

7

Joel, 207 F.3d 105, 110–11 (2d Cir. 2000) (quoting Computer Assocs. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 369 (2d Cir. 1997)). Thus, even when a plaintiff alleges events occurring after the first litigation, a second suit based on those events is still barred if the later alleged events "are merely additional examples of the earlier-complained of conduct, such that the action remains based principally upon the shared common nucleus of operative facts." Cameron v. Church, 253 F. Supp. 2d 611, 620 (S.D.N.Y. 2003) (citing Waldman v. Village of Kiryas Joel, 207 F.3d at 113). Here, as Senatore argues, his claims are based on the same alleged "pattern of fraud" that "continued after the foreclosure case." (Pl. Opp'n at 14–15). Senatore alleges nothing more than that Ocwen continues in the same wrongful conduct that ultimately led to Senatore's default on the loan and the foreclosure on his property, and thus his claims are barred by res judicata. See, e.g., Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d at 421–24 (dismissing federal plaintiffs' claims as barred by res judicata because such claims could have been brought in a prior state court foreclosure action).

Third, Senatore argues res judicata does not apply because Ocwen is causing harm "separate and distinct from the foreclosure action." (Pl. Opp'n at 14). However, whether the harm is distinct from the prior action is immaterial; as stated above, for res judicata purposes, the issue is whether the present claims could been have been asserted in the prior litigation.[5]

Accordingly, res judicata precludes the Court from adjudicating Senatore's claims.[6]

---

[5] Again, it is possible Senatore is confusing the Rooker–Feldman doctrine and res judicata.

[6] Ocwen also asserts the complaint should be dismissed based on collateral estoppel, failure to state a claim for various other reasons, and Colorado River abstention. Notably, Senatore either completely failed to oppose these bases for dismissal or otherwise opposed these bases in only a perfunctory and conclusory manner. Many of Ocwen's arguments appear to have merit; however, because the Court dismisses the complaint in its entirety based on res judicata, it need not consider these asserted bases for dismissal.

V.  Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim."  Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)).  District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'"  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  This is true even when plaintiff is proceeding pro se.  See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Leave to amend would be futile because even the most generous reading of Senatore's complaint and filings does not give any indication he could state a valid claim not precluded by res judicata.

Accordingly, the Court declines to grant plaintiff leave to amend.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #7) and close this case.

The Clerk is further instructed to a mail a copy of this Opinion and Order to plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444–45 (1962).

Dated: August 30, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge